# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**Carolyn R. Russell,**

       **Plaintiff,**

v.

**State of Ohio, Department of Administrative Services,** *et al.***,**

       **Defendants.**

Case No.: 2:05-cv-0142
Judge Smith
Magistrate Judge King

## ORDER

This matter is before the Court on Defendants', the Ohio Department of Administrative Services and George Hess's Motion for Taxation of Costs (Doc. 50). Defendants seek costs against Plaintiff Carolyn Russell in the amount of sixteen hundred fifty-one dollars and thirty cents ($1,651.30). Plaintiff, acting *pro se*, has filed a Memorandum in Opposition to Defendants' Motion (Doc. 53). Defendants then filed a Reply (Doc. 54). The Motion is now ripe for review. For the reasons that follow, the Court **GRANTS** Defendants' Motion for Taxation of Costs.

Plaintiff initiated this action on February 11, 2005, alleging that Defendants acted in violation of Title VII of the United States Constitution and 42 U.S.C. § 1983. On June 14, 2007, the Court granted summary judgment to Defendants on all of Plaintiff's claims and dismissed them with prejudice. On December 3, 2008, this Order was affirmed by the Sixth Circuit Court of Appeals.

Defendants seeks costs in the amount of $1,651.30 which were expended for court reporter fees for the testimony of Plaintiff; for deposition transcripts of Plaintiff's deposition; and the depositions of George Hess and Joyce Craddock. Defendants assert that obtaining and filing these transcripts was reasonably necessary to defend the action, and therefore may be recovered as costs. Defendants cited testimony from each witness in support of their successful motion for summary judgment.

Plaintiff argues that costs should not be assessed against her because she "was ignorant of the fact that if she lost her case she would have to pay expenses of the state." (Pl.'s Memo. at 2). Plaintiff further states that awarding costs to Defendants in this case could have a chilling effect on minorities who may be discouraged from initiating litigation, which in turn could frustrate civil rights laws. (*Id*. at 3). Finally, with respect to the amount of costs sought by Defendants, Plaintiff argues that the costs for her "deposition taken by Defendants was unreasonably large when compared with the costs of the Plaintiff's depositions for George Hess and Joyce Craddock. Plaintiff asserts it could have taken less time for the Defendant to take the Plaintiff's deposition." (*Id*. at 3-4).

Rule 54(d) of the Federal Rules of Civil Procedure provides that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." The rule creates a "presumption in favor of awarding costs" to the prevailing party. *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 729 (6th Cir. 1986). As explained by the court in *Baez v. United States Department of Justice*, 684 F.2d 999, 1003 (D.C. Cir. 1982):

> Unlike attorneys' fees, whose magnitude and unpredictability have discouraged parties with otherwise meritorious claims from litigation, the small and predictable costs of court fees, printing, and court reporters' fees have customarily been viewed as necessary and reasonable incidents of litigation,

2

properly reimbursable to the winning party.

Because of this, "trial judges have rarely denied costs to prevailing party whose conduct has not been vexatious." *Id.* at 1004.

In *White & White*, the court was faced with a bill of costs for $126,820.58, and identified several factors relevant to a decision to deny costs:

> In an early analysis of Rule 54(d), this court stated that the rule was "intended to take care of a situation where, although a litigant was the successful party, it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party." *Lichter* [*Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)]. We have described several circumstances in which a denial of costs is a proper exercise of discretion under the rule. Such circumstances include cases where taxable expenditures by the prevailing party are "unnecessary or unreasonably large," *id*, cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, *National Transformer Corp.* [*v. France Mfg. Co.*, 215 F.2d 343, 362 (6th Cir. 1954)], cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, *Lichter*, 269 F.2d at 146, and cases that are "close and difficult." *United States Plywood Corp.* [*v. Plywood Corp.*, 370 F.2d 500, 508 (6th Cir. 1966), *cert. denied*, 389 U.S. 820 (1967)].
>
> This court has also identified factors that a district court should ignore when determining whether to exercise its discretion and deny costs. Examples of inappropriate factors include the size of a successful litigant's recovery, *Lichter*, 269 F.2d at 146, and the ability of the prevailing party to pay his or her costs. *Lewis* [*v. Pennington*, 400 F.2d 806, 819 (6th Cir. 1968)]. Other courts have identified factors that may be considered but, in the absence of other relevant factors, do not warrant an exercise of discretion under Rule 54(d). An example of a relevant but insufficient basis for denying costs is the good faith a losing party demonstrates in filing, prosecuting or defending an action. *Coyne-Delaney v. Capital Development Board of Illinois*, 717 F.2d 385, 390 (7th Cir. 1983). Another is the propriety with which the losing party conducts the litigation. *Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 490 (7th Cir. 1982).

The applicable statute, 28 U.S.C. § 1920(2), provides that costs may be taxed for "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." "[T]ranscripts need not be absolutely indipensable in order to provide the basis of an

award of costs; it is enough if they are 'reasonably necessary.'" *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993).

Considering Defendants' Motion for Taxation of Costs for $1,651.30, in light of the aforementioned case law, the Court finds the costs were reasonably necessary. Defendants relied on the deposition transcripts in support of their Motion for Summary Judgment. The Court does not find that the costs are unreasonably large as argued by Plaintiff. Further, the Sixth Circuit has rejected Plaintiff's argument that an award of costs against an unsuccessful Title VII litigant undercuts the remedial purposes of Title VII. *See Jones v. Continental Corp.*, 789 F.2d 1225, 1233 (6th Cir. 1986).

In conclusion, the Court finds that the costs for the court reporter and deposition transcripts in the amount of $1,651.30 were reasonably necessary to Defendants' defense of the case. Defendants' Motion for Taxation of Costs is therefore **GRANTED**. Plaintiff is hereby **ORDERED** to pay Defendants $1,651.30. Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920(4).

The Clerk shall remove Document 50 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**